UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY PATRICK,

        Plaintiff,              Case Number: 2:14-CV-13785
                                        HON. VICTORIA A. ROBERTS

v.

STATE OF MICHIGAN and
DEPARTMENT OF CORRECTIONS,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION ALTER OR AMEND JUDGMENT, CORRECTING COURT DOCKET, AND TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

      This matter is before the Court on Plaintiff's motion to alter or amend judgment under Rule 59(e). The Court dismissed Plaintiff's *pro se* complaint filed under 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted because the two named defendants, the State of Michigan and the Michigan Department of Corrections, are entitled to Eleventh Amendment immunity from suits under § 1983. Plaintiff now seeks relief under Fed. R. Civ. P. 59(e) on the ground that the entire complaint should not have been dismissed because he named two additional defendants, Mr. Arnsman (a librarian at the Pugsley Correctional Facility), and Mr. Hanson (a classification director at Pugsley), who were not recognized by the Court.

      The granting of a motion under Rule 59(e) is within the sound discretion of the

district court. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 (6th Cir. 1989). The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Department of Employment Sec.,* 455 U.S 445, 450 (1982). In this case, an error occurred. The Court's docket failed to identify two additional defendants named in Plaintiff's complaint, Mr. Arnsman and Mr. Hanson. The Court did not address Plaintiff's allegations against these defendants. The Court, therefore, grants Plaintiff's motion and orders the Court's docket corrected to reflect both Mr. Arnsman and Mr. Hanson as defendants. Plaintiff's claims against the State of Michigan and Michigan Department of Corrections are not reinstated.

The addition of Mr. Arnsman and Mr. Hanson necessitates a change of venue. The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). The conduct that forms the basis for the complaint occurred in Kingsley, Michigan. Defendants Arnsman and Hanson are located at the Pugsley Correctional Facility in Kingsley, Michigan. Kingsley is located in Grand Traverse County, which lies in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). The case will be transferred to the United States District Court for the Western District of Michigan.

Accordingly, the Court GRANTS Plaintiff's Motion to Alter or Amend Judgment

(ECF No. 9), and ORDERS the Clerk to correct the docket to reflect two additional defendants: Mr. Arnsman and Mr. Hanson. The Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 1391(b).

                                             S/Victoria A. Roberts  
                                             VICTORIA A. ROBERTS  
                                             UNITED STATES DISTRICT JUDGE

Dated: 10/7/2015